IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY T. HANNIBLE,<br><br>                          Plaintiff,<br><br>    v.<br><br>ARNOLD SCHWARZENEGGER, et al.,<br><br>                         Defendants. | Case No. 1:10-cv-01395 JLT (PC)<br><br>**ORDER DISMISSING PLAINTIFF'S COMPLAINT FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH THE COURT'S ORDER**<br><br>(Doc. 16). |

      Plaintiff Roy Hannible, a state prisoner proceeding pro se, filed this civil rights action against several defendants pursuant to 42 U.S.C. § 1983. On April 5, 2012, the Court dismissed Plaintiff's claims against Defendants Schwarzenegger, Brown, and Yates and found service appropriate as to Defendant Aguilera. (Doc. 16). The Court's April 5, 2012 Order required Plaintiff to complete the Notice of Submission of Documents and return a completed summons for Defendant Aguilera, a completed USM-285 form, and two copies of the first amended complaint within 30 days of the Court's order. (Doc. 16 at 9). The Clerk of the Court sent Plaintiff the service documents to complete and return to the Court on April 5, 2012 as well.

      On May 9, 2012, when Plaintiff failed to return the service documents as ordered, the Court issued an Order to Show Cause Why the Action Should Not Be Dismissed for Failure to

1

Prosecute. (Doc. 17). The Court's order instructed Plaintiff to return the service documents previously sent to him within 14 days or his matter would be dismissed. (Id.) Despite the Court's May 9, 2012 order, Plaintiff failed to respond to the Court's Order to Show Cause and failed to return the service documents as ordered. For the reasons set forth below, Plaintiff's action is dismissed.

## I.  Discussion and Analysis

"District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. Thompson v. Housing Authority of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9 th Cir. 2995) (dismissal for failure to comply with local rules); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action for failure to prosecute, failure to obey a court order, or failure to comply with the Local Rules, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Henderson, 779 F.2d at 1423-24; *see also* Ferdik, 963 F.2d at 1260-61; Thomspon, 782 F.2d at 831.

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. The risk of prejudice to the defendants also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecution of an action. *See* Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The Court will not, and cannot, hold the case in abeyance based upon Plaintiff's failure prosecute the action and return the service documents to the Court as

ordered. Further, the factors in favor of dismissal outweigh the policy favoring disposition of cases on their merits.

In its April 5, 2012 and May 9, 2012 orders, the Court warned Plaintiff that if he failed to comply with the respective orders, the Court would dismiss the action. (Doc. 16 at 9 and Doc. 17 at 2). Since Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order, the requirement that the Court consider less drastic measures than dismissal of the action is satisfied. Ferdik, 963 F.2d at 1262; Henderson, 779 F.2d at 1424. Moreover, no lesser sanction is feasible given the Court's inability to communicate with Plaintiff.

Accordingly, **IT IS HEREBY ORDERED**:

1. This action is DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to obey the Court's April 5, 2012 and May 9, 2012 orders; and

2. The Clerk of Court IS DIRECTED to close this action because this order terminates the action in its entirety.


IT IS SO ORDERED.

Dated:   **May 30, 2012**              /s/ Jennifer L. Thurston
                                       UNITED STATES MAGISTRATE JUDGE